UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS KASTNER | ) | |
| | ) | |
| **Plaintiff,** | ) | Case No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| POLICE OFFICER JOHN CICHY, | ) | Magistrate Judge |
| POLICE OFFICER MATTHEW HUDAK, | ) | |
| POLICE OFFICER TERRANCE O'BRIEN, | ) | |
| POLICE OFFICER ALAN TAKEI, | ) | |
| CHIEF BRIAN HOWERTON, | ) | |
| SERGEANT TOM GREENAWAY, | ) | Jury Demand |
| Individually; and | ) | |
| VILLAGE OF SCHAUMBURG, | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, Nicholas Kastner, by and through his attorney, David S. Lipschultz of Goldberg Weisman Cairo, and in complaining against the Defendants, Police Officer John Cichy, Police Officer Matthew Hudak, Police Officer Terrance O'Brien, Police Officer Alan Takei, Chief Brian Howerton, Sergeant Tom Greenaway, Individually, and the Village of Schaumburg (Illinois), states as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to the United States Constitution; 42 U.S.C. §1983 and §1988 (the Civil Rights Act of 1871); and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendants and committed under color of law.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1343, §1331 and §1367.

3.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this district.

## PARTIES

4.  The Plaintiff, Nicholas Kastner ("Mr. Kastner"), is a United States citizen and a resident of the State of Illinois, County of Cook.

5.  At all relevant times herein referenced, Defendant Police Officer John Cichy ("Officer Cichy") was employed by the Village of Schaumburg as a sworn police officer. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Cichy was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

6.  At all relevant times herein referenced, Defendant Police Officer Matthew Hudak ("Officer Hudak") was employed by the Village of Schaumburg as a sworn police officer. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Hudak was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

7.  At all relevant times herein referenced, Defendant Police Officer Terrance O'Brien ("Officer O'Brien") was employed by the Village of Schaumburg as a sworn police officer. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer O'Brien was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

8.  At all relevant times herein referenced, Defendant Police Officer Alan Takei ("Officer Takei") was employed by the Village of Schaumburg as a sworn police officer. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer

Takei was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

9. At all relevant times herein referenced, Defendant Brian Howerton ("Chief Howerton") was employed by the Village of Schaumburg as the chief of police. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Chief Howerton was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

10. At all relevant times herein referenced, Defendant Tom Greenaway ("Sergeant Greenaway") was employed by the Village of Schaumburg as a sworn police officer. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Sergeant Greenaway was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

11. At all times relevant herein, Defendant Village of Schaumburg was and is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendants: Officer Cichy, Officer Hudak, Officer O'Brien, Officer Takei, Chief Howerton and Sergeant Greenaway.

## THREE OF THE DEFENDANT POLICE OFFICERS WERE ARRESTED FOR CRIMINAL FELONY CHARGES IN DUPAGE COUNTY

12. On January 16, 2013, Officers Cichy, Hudak and O'Brien were arrested after a U.S. Drug Enforcement Agency and DuPage County investigation revealed they were allegedly conducting a host of felonies. These Defendants are charged with unlawful delivery of controlled substances, armed violence, unlawful drug conspiracy, official misconduct, theft, and burglary. The DuPage State's Attorney's Office alleges that the officers' criminal conduct dates back to at least mid-2012. The authorities allege, among other acts, that these Defendants

illegally searched individuals' homes, vehicles, and persons to extort narcotics and/or money. Two of the officers have pleaded guilty and have been sentenced to lengthy prison terms. The present case involves, among other acts by other Defendants, these Officers Cichy, Hudak and O'Brien's acts in falsely arresting the Plaintiff.

## FACTS COMMON TO ALL CLAIMS

13. On or about June 11, 2012, at approximately 10:00 a.m., Mr. Kastner was located at the Third Municipal District Courthouse of the Circuit Court of Cook County, located at 2121 Euclid Avenue, in Rolling Meadows, Illinois.

14. Upon leaving a courtroom, Officer Cichy approached Mr. Kastner and arrested him.

15. During the course of handling the arrest, Officer Cichy pushed Mr. Kastner into the wall and choked him, causing Mr. Kastner injuries.

16. Officer Cichy and Officer Takei arrested the Plaintiff.

17. Officer Hudak and Officer O'Brien played significant roles in support of the arrest of Mr. Kastner.

18. The Plaintiff was not committing any crimes or bad acts whatsoever.

19. The actions of Officer Cichy, Officer Hudak, Officer O'Brien and Officer Takei were committed intentionally, willfully, wantonly and with malice.

20. As a result of the conduct of Officer Cichy, Officer Hudak, Officer O'Brien, and Officer Takei, the Plaintiff spent many hours in jail.

21. The false criminal charges against Mr. Kastner were ultimately dismissed

22. Chief Howerton, Sergeant Greenaway and the Village of Schaumburg had a duty to supervise its police officers, including Officer Cichy, Officer Hudak. Officer O'Brien, and

4

Officer Takei to ensure that they were not committing constitutional violations or otherwise behaving improperly during their encounters with the public.

23. During the period of time when Officer Cichy, Officer Hudak and Officer O'Brien were conducting their criminal campaign — including on June 11, 2012, when they played roles in the arrest of the Plaintiff — Chief Howerton, Sergeant Greenaway and the Village of Schaumburg were the supervisors of Officer Cichy, Officer Hudak and Officer O'Brien.

24. As revealed in the criminal indictments of Officer Cichy, Officer Hudak and Officer O'Brien, and in a professional report by the consulting firm Hillard Heintze analyzing the leadership and supervision of Schaumburg police officers at the time of the incident at bar, Chief Howerton, Sergeant Greenaway, and the Village of Schaumburg knew or should have known that Officer Cichy, Officer Hudak, and Officer O'Brien were engaged in the ongoing criminal conspiracy referenced above.

25. Chief Howerton, Sergeant Greenaway and the Village of Schaumburg willfully and wantonly supervised Officer Cichy, Officer Hudak, and Officer O'Brien by failing to respond to their pattern of misconduct and/or correct their pattern of behavior.

26. Through their acts and omissions in supervising Officer Cichy, Officer Hudak, and Officer O'Brien, Chief Howerton, Sergeant Greenaway, and the Village of Schaumburg showed actual or deliberate intention to harm the Plaintiff, or showed an utter indifference to, or conscious disregard for, the Plaintiff's safety and the safety of others.

27. The willful and wanton acts and omissions of Chief Howerton, Sergeant Greenaway and the Village of Schaumburg proximately caused Plaintiff's injuries.

## COUNT I
## SECTION 1983 FALSE ARREST
## AGAINST OFFICERS CICHY, HUDAK, O'BRIEN AND TAKEI

28. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 27 as his respective allegations of paragraph 28 of Count I.

29. Officer Cichy, Officer Hudak, Officer O'Brien, and Officer Takei did not have probable cause to arrest Mr. Kastner.

30. The actions of Officer Cichy, Officer Hudak, Officer O'Brien and Officer Takei violated Mr. Kastner's Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

31. As a direct and proximate consequence of said conduct of Officer Cichy, Officer Hudak, Officer O'Brien and Officer Takei, Mr. Kastner suffered violations of his constitutional rights, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

WHEREFORE, the Plaintiff, Nicholas Kastner, prays for judgment against the Defendants, Officer Cichy, Officer Hudak, Officer O'Brien and Officer Takei, for compensatory damages, punitive damages, attorney's fees pursuant to 42 U.S.C. §1988 plus costs, and such other and additional relief as this Court deems equitable and just.

## COUNT II
## SECTION 1983 DUE PROCESS (BRADY VIOLATIONS)
## AGAINST OFFICERS CICHY, HUDAK, O'BRIEN AND TAKEI

32. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 27 as his respective allegations of paragraph 32 of Count II.

33. Officer Cichy, Officer Hudak, Officer O'Brien and Officer Takei deprived Mr. Kastner of fair criminal proceedings by engaging in multiple acts, which include, but are not

6

limited to, withholding exculpatory evidence from Mr. Kastner and his criminal defense attorneys.

34. The acts described in the preceding paragraph were directed toward Mr. Kastner, were intentional and material, and therefore were in violation of the Plaintiff's due process rights.

35. As a direct and proximate consequence of said conduct of Officer Cichy, Officer Hudak, Officer O'Brien and Officer Takei, Mr. Kastner suffered violations of his constitutional rights, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

36. By reason of the conduct of Officer Cichy, Officer Hudak, Officer O'Brien, and Officer Takei, Mr. Kastner was deprived of rights, privileges, and immunities secured to him by the Due Process Clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted therein.

WHEREFORE, the Plaintiff, Nicholas Kastner, prays for judgment against the Defendants, Officer Cichy, Officer Hudak, Officer O'Brien, and Officer Takei for compensatory damages, punitive damages, attorney's fees pursuant to 42 U.S.C. §1988 plus costs, and such other and additional relief as this Court deems equitable and just.

## COUNT III
## §1983 CONSPIRACY
## AGAINST OFFICERS CICHY, HUDAK, O'BRIEN AND TAKEI

37. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 27 as his respective allegations of paragraph 37 of Count III.

38. Officer Cichy, Officer Hudak, Officer O'Brien and Officer Takei entered into an agreement to falsely arrest Mr. Kastner and to deprive Mr. Kastner of due process of law, in violation of 42 U.S.C. §1983.

39. Officer Cichy, Officer Hudak, Officer O'Brien and Officer Takei were willful participants in the joint activity as state actors.

40. Officer Cichy, Officer Hudak, Officer O'Brien and Officer Takei understood the general objectives of the scheme, accepted them, and agreed, either explicitly or implicitly, to do their part to further the objectives.

41. As a direct and proximate consequence of said conduct of Officer Cichy, Officer Hudak, Officer O'Brien and Officer Takei, Mr. Kastner suffered violations of his constitutional rights, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

WHEREFORE, the Plaintiff, Nicholas Kastner, prays for judgment against the Defendants, Officer Cichy, Officer Hudak, Officer O'Brien and Officer Takei, for compensatory damages, punitive damages, attorney's fees pursuant to 42 U.S.C. §1988 plus costs, and such other and additional relief as this Court deems equitable and just.

## COUNT IV
## §1983 EXCESSIVE FORCE
## AGAINST OFFICER CICHY

42. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 27 as his respective allegations of paragraph 42 of Count IV.

43. The force used by Officer Cichy was unreasonable, unprovoked, unnecessary and excessive.

44. As a result of the actions of Officer Cichy, Mr. Kastner was injured.

45. Said actions of Officer Cichy violated the Plaintiff's Fourth Amendment Rights of the United States Constitution as protected by 42 U.S.C. §1983.

8

46. As a direct and proximate consequence of said conduct of Officer Cichy, the Plaintiff suffered violations of his constitutional rights, physical injuries, emotional anxiety, fear, pain and suffering, and monetary loss and expense.

WHEREFORE, the Plaintiff, Diangelo Kastner, prays for judgment against the Defendant, Officer Cichy, for compensatory damages, punitive damages, attorney's fees pursuant to 42 U.S.C. §1988 plus costs, and such other and additional relief as this Court deems equitable and just.

## COUNT V
## WILLFUL AND WANTON SUPERVISION
## AGAINST CHIEF HOWERTON, SERGEANT GREENAWAY AND
## THE VILLAGE OF SCHAUMBURG

47. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 27 as his respective allegations of paragraph 47 of Count V.

WHEREFORE, the Plaintiff, Nicholas Kastner, prays for judgment against the Defendants Chief Howerton, Sergeant Greenaway, and Village of Schaumburg for compensatory damages plus costs, and such other and additional relief as this Court deems equitable and just.

## COUNT VI
## INDEMNIFICATION PURSUANT TO 745 ILCS 10/9-102
## AGAINST THE VILLAGE OF SCHAUMBURG

48. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 47 as his respective allegations of paragraph 48 of Count VI.

49. The acts of Officer Cichy, Officer Hudak, Officer O'Brien, Officer Takei, Chief Howerton, and Sergeant Greenaway, were committed in the scope of their employment with the Defendant Village of Schaumburg.

50. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-402, Defendant Village of Schaumburg is liable for any judgments for compensatory damages in this case arising

from the actions of Officers Cichy, Hudak, O'Brien and Takei, and Chief Howerton, and Sergeant Greenaway.

51. WHEREFORE, the Plaintiff, Nicholas Kastner, respectfully asks this Honorable Court to order the Defendant Village of Schaumburg to pay the Plaintiff any judgments for compensatory damages against Defendant Officers Cichy, Hudak, O'Brien and Takei, and Chief Howerton, and Sergeant Greenaway.

## JURY DEMAND

The Plaintiff requests a trial by jury.

Respectfully submitted,

NICHOLAS KASTNER


/s/ David S. Lipschultz

David S. Lipschultz
Goldberg Weisman Cairo
One East Wacker, 38th Floor
Chicago, IL  60601
Telephone: 312-464-1200
Atty. No. 6277910